† ANDREWS ET AL. V. SETTLES ET AL.

1. ACT AUTAORIZING TRUSTEES OF COLUMBIA TOWNSHIP TO CONSTRUCT SIDEWALKS INVALID.

The act of May, 1894, 91 O. L., 803, authorizing trustees of Columbia Township to construct sidewalks, is of a general nature, without uniform operation throughout the state and is invalid.

2. ALLEGATIONS WHICH FAIL TO ESTABLISH A CAUSE OF ESTOPPEL.

Allegations, in a suit to enjoin collection of assessment, that plaintiffs knew that improvements under a certain act were being made: that township bonds were to be issued to pay therefor and that bonds were to be paid by uniform assessment, and that plaintiffs made no objection until the township had incurred a large liability, are not sufficient to make out a cause of estoppel.

This is a suit on the part of owners of property abutting on Michigan avenue, Hyde Park, to enjoin the collection of a cement sidewalk assessment.

SWING, J.

We are of the opinion that the act of May 19, 1894, 91 O. L., 803, is unconstitutional, and therefore invalid for the reason that it is an act of a general nature, and does not have a uniform operation throughout the state. Section 26, Article II, of the constitution. The act reads as follows :

"An act to authorize the trustees of Columbia township, Hamilton county, Ohio, to construct sidewalks on certain roads and avenues in Columbia township.

"Section 1. Be it enacted by the general assembly of the state of Ohio, that the trustees of Columbia township, Hamilton county, Ohio, be and they are hereby authorized to construct sidewalks on both sides of Columbian avenue, from its intersection with Montecello avenue, northeastwardly to the Brotherton road, and also on both sides of the Brotherton road from Columbian avenue northeastwardly to the corporation line of the village of Madisonville, and also on both sides of Michigan and Shaw avenues from Erie avenue to the Wassan road, and also on both sides of Andrew avenue from Erie avenue to the Madison pike, or upon any or all of the same, as said trustees may determine."

As to the second defense set up in the answer of the defendants, that the plaintiffs should be estopped by reason of their conduct, the only allegations relied on constituting an estoppel are : That the plaintiffs knew that said improvement was being made under said act ; that the bonds of the township were to be issued to raise money to pay for the improvement and expenses, and that the said bonds were to be paid by a uniform assessment per front foot on the lots and lands abutting on the improvement, and that the plaintiffs made no objection or protest until the township had incurred a large liability.

There is no allegation that the plaintiffs took any active part in encouraging or bringing about the improvement, or that they knew the

---

† Affirms decision of the court of common pleas, 6 Ohio, Dec. 160.

law was unconstitutional, or that the improvement in any way benefitted the property of the plaintiffs.

According Tone v. Columbus, 39 O. S., 281, the allegations in this answer are not sufficient to make out a cause of estoppel.

The demurrer to the answer must therefore be sustained, and the prayer of the petition will be granted unless the defendants desire to plead further.

*Coppock, Hammel & Coppock*, and *Frank M. Coppock*, for the property owners.

*J. T. DeMar*, for the township trustees.